IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EXECUTIVE RISK INDEMNITY, INC. as assignee of JASON AND JILL GILLIHAN, <br><br>Plaintiff<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>Defendant. | Case No.: 4:25-cv-868<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AT LAW

NOW COMES Plaintiff, Executive Risk Indemnity, Inc., as assignee of Jason and Jill Gillihan, by its attorneys, and for its Complaint against Defendant, Whirlpool Corporation, states as follows:

## THE PARTIES

1. Plaintiff Executive Risk Indemnity, Inc. ("Executive") is a Delaware corporation with its principal place of business located at 202B Hall's Mill Rd., Whitehouse Station, NJ 08889.

2. At all times material hereto, Executive was authorized to issue policies of insurance in the State of Missouri.

3. At all times material hereto, Jason and Jill Gillihan (the "Gillihans" or "Plaintiff's insureds") owned and resided at 13645 Clayton Rd., Chesterfield, MO 63017 (the "Subject Property").

4. Defendant, Whirlpool Corporation ("Defendant" or "Whirlpool") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 2000 N M-63, Benton Harbor, MI 49022.

1

5. At all times material hereto, Defendant Whirlpool was and is engaged in designing, manufacturing, distributing, and selling KitchenAid dishwashers.

## JURISIDCTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and the costs of the action.

7. Venue in this Judicial District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## FACTS

8. The Gillihans purchased the Subject Property on or about May 9, 2019.

9. A KitchenAid dishwasher (model #KDTE104ESS1, serial #F54855024) manufactured in 2015 (the "Subject Dishwasher"), was installed at the Subject Property prior to the Gillihans moving in.

10. On or about September 4, 2024, the Gillihans discovered that the Subject Dishwasher had leaked, causing significant water damage to the Subject Property (the "Incident").

11. The Subject Dishwasher and its components were retained following the Incident.

12. Upon examination, it was determined that the Subject Dishwasher was defective.

13. Specifically, the Subject Dishwasher had a defective pump motor diverter shaft seal which accelerated the seal's degradation and allowed for the build-up of debris from dirty dishes, preventing the shaft seal spring from properly sealing off water between the Subject Dishwasher's diverter shaft and sump.

14. As a result of the design and manufacturing defects of the Subject Dishwasher, Plaintiff's insured sustained significant water damage at the Subject Property.

15. The Gillihans are and were at all times relevant the named insured on a policy of insurance (number 001561326801) (the "Subject Policy") issued by Executive.

16. The Gillihans submitted a claim to Executive, and pursuant to the Subject Policy, Executive paid $250,224.00 to and on behalf of the Gillihans.

17. Executive was subsequently assigned the right to pursue this action and is thereby subrogated to the rights of the Gillihans to bring this action against any responsible third parties, including the Defendant named herein. The assignment between Executive and the Gillihans is attached as **Exhibit A**.

## COUNT I - NEGLIGENCE

18. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-17 above as if fully set forth herein.

19. At all times material hereto, Defendant Whirlpool had a duty to exercise reasonable care in designing, manufacturing, assembly, testing, distribution, and/or sale the Subject Dishwasher.

20. Notwithstanding the aforementioned duty, Defendant Whirlpool committed one or more of the following acts or omissions in designing and/or manufacturing the Subject Dishwasher:

    a. Failed to design and manufacture the Subject Dishwasher in a way in which the pump motor diverter shaft would be properly sealed;

    b. Failed to design and manufacture the Subject Dishwasher in a way in which the seal would not degrade and allow for build-up of debris that prevents the shaft seal spring from properly sealing off water between the diverter shaft and sump;

3

    c.    Failed to perform sufficient testing to ensure that the Subject Dishwasher and related components were free of defects;

    d.    Failed to properly and safely manufacture and design the Subject Dishwasher so that it operated as intended;

    e.    Was otherwise careless or negligent.

21.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions by defendant Whirlpool, the Subject Dishwasher failed, causing $250,224.00 in damages to the Subject Property.

WHEREFORE, Plaintiff, Executive Risk Indemnity, Inc., as assignee of Jason and Jill Gillihan, respectfully requests judgment be entered in its favor and against Defendant Whirlpool Corporation, for damages in the amount of $250,224.00, and any further relief this Court deems equitable and just.

## COUNT II – STRICT PRODUCTS LIABILITY

22.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1-17 above as if fully set forth herein.

23.    At all times relevant, Defendant designed, manufactured, tested, and placed into the stream of commerce the Subject Dishwasher, and as such, is strictly liable for all defects and unreasonably dangerous conditions that existed with respect to the Subject Dishwasher and its component parts.

24.    The Gillihans were and are in the class of persons that Defendant should have reasonably foreseen as being subject to the harm caused by the defective condition of the Subject Dishwasher and its component parts, which were sold for the purpose of use by consumers like the Gillihans.

25. The Subject Dishwasher and its components were defective at the time they left the control and possession of Defendant in that Defendant:

    a. Failed to properly design, engineer, manufacture, fabricate, assemble, supply, and sell dishwasher, including the Subject Dishwasher and its component parts, which Defendant knew or should have known were prone to a foreseeable and unreasonable hazard;

    b. Failed to properly and safely inspect and/or test the Subject Dishwasher and its component parts, and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of an unreasonably dangerous condition, and which adjustments and/or corrections would have remedied;

    c. Failed to properly test and inspect the Subject Dishwasher for defects prior to placing the Subject Dishwasher into the stream of commerce;

    d. Failed to incorporate appropriate safety devices into its dishwashers, including the Subject Dishwasher, which posed an unreasonable risk of harm;

    e. Failed to adequately warn end users and consumers that the Subject Dishwasher posed an unreasonable hazard; and

    f. Otherwise failed to use due care under the circumstances.

26. The Subject Dishwasher was expected to and did reach the ultimate consumer in the condition in which it was manufactured and sold from Defendant, and was not altered or modified after it was sold by Defendant.

27. At all times herein relevant, the Subject Dishwasher was used for its intended purpose and in a manner that was reasonably foreseeable.

28. The defective and unreasonably dangerous conditions in the Subject Dishwasher were the direct and proximate cause of the damages sustained.

WHEREFORE, Plaintiff, Executive Risk Indemnity, Inc., as assignee of Jason and Jill Gillihan, respectfully requests judgment be entered in its favor and against Defendant Whirlpool

Corporation, for damages in the amount of $250,224.00, and any further relief this Court deems equitable and just.

### COUNT III – BREACH OF WARRANTY

29. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-17 above as if fully set forth herein.

30. In manufacturing, selling, distributing, supplying and/or assembling the Subject Dishwasher, Defendant Whirlpool warranted that the product was of good and merchantable quality and fit for its ordinary intended and foreseeable use.

31. Defendant Whirlpool breached the aforesaid warranties because the Subject Dishwasher was not fit for its ordinary, intended, customary, usual, and foreseeable use due to its faulty design and manufacturing.

32. As a direct and proximate result of these breaches of warranty, the Subject Dishwasher caused $250,224.00 in damages to the Subject Property.

WHEREFORE, Plaintiff, Executive Risk Indemnity, Inc., as assignee of Jason and Jill Gillihan, respectfully requests judgment be entered in its favor and against Defendant Whirlpool Corporation, for damages in the amount of $250,224.00, and any further relief this Court deems equitable and just.

### JURY DEMAND

Plaintiff hereby demands a jury on all triable issues of fact.

Dated: June 16, 2025 Respectfully submitted,

                                                                         By:   /s/ Marisa L. Saber
Marisa L. Saber #60360MO
COZEN O'CONNOR
123 W. Wacker Drive
Suite 1800
Chicago, Illinois 60606
(312) 382-3183 phone
(312) 382-8910 facsimile
msaber@cozen.com

7